CEBURRE v. PEARSON et al.

(Supreme Court, Appellate Division, First Department.   March 11, 1898.)

1. EXECUTION SALE—VALIDITY.
    Through the failure of attorneys to whom an owner of real property had intrusted money to satisfy a judgment against him, to use it as directed, the property was disposed of, at a sale under the judgment, at a great sacrifice. The purchaser at the sale, however, acted in good faith. Held, that the sale was valid and sufficient to vest the title in the purchaser.

2. SAME—ACTION TO SET ASIDE—PARTIES.
    The purchaser at the sale sold the property, at a large advance, to another, who also acted in good faith, and who, in order to purchase,. procured a loan from a third party, to whom he gave a mortgage therefor on the premises. Upon a motion by the original owner for a resale, the mortgagee was not made a party. Held, that this omission in itself would prevent granting the relief sought.

Appeal from special term.

Action by Henry Ceburre against John C. Pearson and others. From an order denying a motion for resale of real estate sold under the judgment in the case, Pearson and certain other defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles A. Decker, for appellants.
David B. Ogden, for respondent.

McLAUGHLIN, J.   On the 9th day of November, 1896, certain real estate situate in the city of New York, belonging to the appellant, of the value of upward of $3,000, was sold at public auction, under the judgment procured by the plaintiff herein, to William P. Rooney, for $540. The amount due upon the judgment on the day of sale was a little over $400. After the recovery of the judgment, and before the sale took place, the appellant paid to one attorney, who represented him for the purpose of having the judgment satisfied, $400, and he paid to another attorney, for the same purpose, the sum of $337.50. The attorneys did not use the money as directed, and the plaintiff's property was sold, and, there being no one present to protect his interest, at a

large sacrifice to him. There is nothing in the moving papers, however, to show that Rooney, in making the purchase, did not act in good faith. Therefore we are compelled to hold that the sale was a valid one, and sufficient to vest the title in him. Rooney thereafter sold to Smith for $2,850, and it is apparent from the record presented that Smith acted in good faith. To make the purchase, Smith borrowed $2,500 from the Franklin Society for Home Building & Savings, and secured the payment of the same by a mortgage upon the real estate in question. The mortgagee is not made a party to this proceeding, and this of itself would prevent granting to the appellant the relief asked. No one would contend that a sale of this character could be set aside, at least without making a subsequent mortgagee for value a party to the proceeding. It further appears upon the petitioner's own statement that he knew of the sale at the time it was made, and that on the 19th of November, 1896, he was dispossessed from his property by the purchaser at the sale; yet he took no steps to assert his rights or to secure any relief until the 17th of September, 1897, when he made the motion below. During this time others had acquired interest in the property, both by conveyance and mortgage.

As to the facts with regard to the conduct of the attorneys, we have not heard their explanation, if any. If those facts should not be explained, they would call upon the court to take such action as the law provides with regard to the disciplining of such officers; and the district attorney is required to make an investigation, and bring the matter to the attention of the court.

Order affirmed, with $10 costs and disbursements. All concur.